UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JULIE A. SU, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:23-mc-00041-TWP-KMB |
| | ) |
| BASCO ENTERPRISES, LLC, DBA, | ) |
| MCDONALDS, | ) |
| JAMES BASEY, | ) |
| | ) |
| Respondents. | ) |

**REPORT AND RECOMMENDATION**

This matter comes before the Court on the Department of Labor's ("DOL") Petition for Enforcement of Administrative Subpoena *Duces Tecum*. [Dkt. 1.] This matter was referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for a Report and Recommendation as to the appropriate disposition of the pending Petition.[1] [Dkt. 8.] For the reasons set forth below, the Magistrate Judge recommends that the Petition be **GRANTED IN PART** and **DENIED IN PART.**

### I.   BACKGROUND

The DOL served Respondents James Basey and BASCO Enterprises, LLC (d/b/a McDonalds) ("BASCO Enterprises") with a subpoena, seeking records in the course of its investigation of Respondents' compliance with the Fair Labor Standards Act ("FLSA"). Respondents have not complied. On September 8, 2023, the Court ordered Respondents to show

---

[1] Though a "motion to enforce a subpoena is generally viewed as [] non-dispositive," when there is no pending underlying action before a court, "the order on whether to enforce the subpoena [is] dispositive of the entire matter." *See Elwell v. Bade*, 2019 WL 10351553, *2 (S.D. Ind. June 28, 2019).

cause by October 6, 2023, why the Petition should not be granted. [Dkt. 6.]. Respondents were served with that order, [dkt. 7], and they have not responded to it.

The DOL's Petition requests that the Court (1) order Respondents to fully comply with the DOL's subpoena; (2) order the U.S. Marshals Service to effect service upon Respondents; (3) toll the applicable statute of limitations until Respondents have complied in full; and (4) direct Respondents to pay all costs and expenses incurred by the DOL. [Dkt. 1 at 4-5.]

## II. APPLICABLE STANDARD

The FLSA authorizes the Acting Secretary to investigate and gather data regarding "conditions and practices of employment in any industry subject to this chapter . . . as he may deem necessary or appropriate to determine whether any person has violated any provision of this chapter, or which may aid in the enforcement of the provisions of this chapter." 29 U.S.C. § 211(a). The FLSA further provides that Sections 9 and 10 of the FTC Act (15 U.S.C. §§ 49, 50), relating to the production of documents (among other things), are applicable to the Acting Secretary for purposes of investigations under the FLSA. 29 U.S.C. § 209. Section 9 of the FTC Act provides that authorized agents shall have access to documentary evidence of "any person, partnership, or corporation being investigated or proceeded against; and the Commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation." 15 U.S.C. § 49.

When a person or corporation refuses to comply with a subpoena in an FLSA investigation, the DOL can petition the Court to order compliance. *See* 29 U.S.C. § 209 ("[T]he provisions of [15 U.S.C. § 49] are made applicable to the jurisdiction, powers, and duties of . . . the Secretary of Labor"); 15 U.S.C. § 49 (the agency "may invoke the aid of any court of the United States in requiring the attendance and testimony of witnesses and the production of documentary

evidence"). The subpoena will be enforced if "the inquiry is within the authority of the agency, the demand is not too indefinite[,] and the information sought is reasonably relevant." *Walsh v. Alight Sols. LLC*, 44 F.4th 716, 722 (7th Cir. 2022) (quoting *E.E.O.C. v. Aerotek, Inc.*, 815 F.3d 328, 333 (7th Cir. 2016)).

### III.   DISCUSSION

The DOL's memorandum details its repeated attempts to seek records from Respondents. [Dkt. 1-2 at 2-3.]  Despite representations from Respondents that the documents sought were forthcoming, the documents were not produced. [*Id.*]  The DOL accordingly served Respondents with the subpoena on June 29, 2023, providing a July 6, 2023 deadline for production of documents. [*Id.* at 2-3, 10-17.]  Respondents have not complied with the subpoena. [Dkt. 1-2 at 3.]

The subpoena requests contact information for employees, organizational charts, documentation of employee hours worked, financial records, tax forms, employment policies and procedures, and other documentation of BASCO Enterprises' operations. [*Id.* at 10-14.]  The documents are sought as a part of the DOL's investigation into Respondents' compliance with the FLSA's minimum wage, overtime, recordkeeping, and child labor provisions. [*Id.* at 5.]

Upon review of the subpoena, the Court finds that the requests are relevant to the DOL's investigation of BASCO Enterprises' compliance with the FLSA and are within the authority of the agency. [*Id.* at 10-14.]. *See Alight Sols.*, 44 F.4th at 722 ("An administrative agency's subpoena power is intended to permit the agency to 'investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not.'") (quoting *Chao v. Local 743, Int'l Bhd. of Teamsters, AFL-CIO*, 467 F.3d 1014, 1017 (7th Cir. 2006)). The requests are limited to documents created, used, or relied on since May 3, 2021—two years prior to the start of the DOL's

3

investigation—and there is no suggestion in the record that they are indefinite or unduly burdensome. Accordingly, the Magistrate Judge recommends that the District Judge grant the DOL's Petition insofar as Respondents will be ordered to fully respond to the subpoena and produce to the DOL all documents in their possession, custody, or control.

The Magistrate Judge declines, however, to substantively address the DOL's requests that the Court (1) issue an order requiring the U.S. Marshals Service to effect service upon Respondents, (2) issue an order tolling the statute of limitations,[2] or (3) direct Respondents to pay all costs and expenses incurred by the DOL in this matter.[3] The DOL has not supported any of these requests with argument or citation to law. The Seventh Circuit has repeatedly stated that it is not this Court's responsibility to research and construct the Parties' arguments. *See Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 397 (7th Cir. 2000). The Court need not make the DOL's arguments for it, and the Magistrate Judge recommends that these requests be denied.

---

[2] The statute of limitations may be equitably tolled if "despite all due diligence [the plaintiff] is unable to obtain vital information bearing on the existence of his claim." *Hentosh v. Herman M. Finch Univ. of Health Scis.*, 167 F.3d 1170, 1174 (7th Cir. 1999) (citation omitted). Though the Court does not substantively address the DOL's request to toll the statute of limitations because such request was not supported by argument or citation to law, it notes that it "is not yet clear that the requested information is 'vital' to the existence of all future claims, and because the DOL has not yet obtained the information, the required finding of diligence would be premature." *See Walsh v. Martinez*, 2022 WL 16823126, at *2 (N.D. Ind. Oct. 14, 2022). The DOL may be able to renew its tolling request when Respondents have complied with the subpoena.

[3] Requests for attorneys' fees must be supported by documentation evidencing the amount of fees sought. *See Aaron v. Merrill Lynch Pierce, Fenner & Smith*, 502 F. Supp. 2d 804, 810 (N.D. Ind. 2007) (declining a party's request for attorneys' fees when it failed to submit documentation that would allow the court to determine whether its request was reasonable); *Walsh v. Medina, Inc.*, 621 F. Supp. 3d 951, 960 n.3 (D. Minn. 2022) (denying the DOL's request for attorneys' fees in a subpoena enforcement action based on lack of documentary evidence).

## IV.  UNSIGNED DOCUMENTS

Upon reviewing the DOL's filing, the Magistrate Judge observed that a few documents submitted by the DOL should have been signed but were not.  Two of these documents are declarations by DOL investigator Shirley Tate, [dkt. 1 at 17-19], and Assistant District Director Ricky Collins, [*id.* at 22-24].  Because the declarations are unsigned, the Magistrate Judge did not consider them or rely on them in making this recommendation.  *See Hatchett v. Shinseki*, 957 F. Supp. 2d 960, 965 n.2 (S.D. Ind. 2013) ("Because the declaration is unsigned, the Court will not consider it.").

The subpoena sent to Respondents is stamped with the DOL's seal, but it also appears to be unsigned.  [Dkt. 1 at 8.]  The Magistrate Judge does not find that this necessarily invalidates the subpoena.  *See Atl. Inv. Mgmt., LLC v. Millennium Fund I, Ltd.*, 212 F.R.D. 395, 397-98 (N.D. Ill. 2002) (finding that an unsigned subpoena was not rendered void because lack of signature "is a defect that readily can be cured," and "[a]lthough [the party] failed to sign the subpoena, he did sign the declaration of service attached to the subpoena, as well as the present petition to enforce the subpoena," and "the omission of his signature from the subpoena was a mere oversight").  Here, the DOL affixed its seal on the face of the subpoena, had two DOL employees sign the return of service, and signed the petition to enforce the subpoena, [dkt. 1 at 5, 8-15], such that the Magistrate Judge finds the lack of signature is not "so substantial a deficiency as to render the subpoena void." *Atl. Inv. Mgmt., LLC*, 212 F.R.D. at 397.  To the extent Respondents view the lack of signature on the subpoena to be a material issue, they may request to be served with a signed copy of the subpoena at issue.

## V. CONCLUSION

For the reasons detailed herein, the Magistrate Judge recommends that the District Judge **GRANT IN PART** and **DENY IN PART** the DOL's Petition. The Magistrate Judge recommends that the District Judge order Respondents to fully comply with the DOL's subpoena **within fourteen days** of being served with the District Judge's order but deny without prejudice the DOL's requests that the Court (1) issue an order requiring the U.S. Marshals Service to effect service upon Respondents, (2) issue an order tolling the statute of limitations, or (3) direct Respondents to pay all costs and expenses incurred by the DOL in this matter.

Any objections to this Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P 72(b). The failure to file objections **within 14 days after service** will constitute a waiver of subsequent review absent a showing of good cause for that failure. Counsel should not anticipate any extension of this deadline or any other related briefing deadlines.

The Court **ORDERS** the DOL to serve Respondents with a copy of this Report and Recommendation, and to file proof of service with the Court on or before **October 27, 2023.**

**SO RECOMMENDED.**

Date: 10/20/2023

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Correll L Kennedy
Department of Labor - SOL
kennedy.correll.l@dol.gov